UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY G. BELL,

                       Plaintiff,

       -against-

THE CITY OF LONG BEACH, L.I., New York;
NASSAU COUNTY, WINTHROP UNIVERSITY
HOSPITAL,

                       Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-05820 (JMA)(AYS)

**AZRACK, United States District Judge:**

      The instant case is one of approximately twelve in forma pauperis complaints that pro se plaintiff Anthony G. Bell ("Plaintiff") has filed with this Court.[1] Plaintiff's complaint was dismissed with prejudice on December 11, 2018. (ECF No. 12.) Plaintiff now seeks leave to reopen this case. (ECF No. 14.) Plaintiff also filed an application for the appointment of pro bono counsel to represent him in this case. (ECF No. 16.) For the following reasons, Plaintiff's motion to reopen is denied. Furthermore, as the Court declines to reopen this case, Plaintiff's application for the appointment of pro bono counsel is denied.

## I.   DISCUSSION

      Plaintiff filed a complaint and motion to proceed in forma pauperis in this action on October 11, 2016. (ECF Nos. 1, 2.) The complaint alleged claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants, alleging racial discrimination. (ECF No. 1.) On October

---

[1] See, e.g., 16-CV-2687(JMA)(AYS) Bell v. Cnty. of Nassau, et al.; 16-CV-2688(JMA)(AYS) Bell v. City of Long Beach, LI, NY; 16-CV-2959(JMA)(AYS) Bell v. Sposato, et al.; 16-CV-2960(JMA)(AYS); 16-CV-3521(JMA)(AYS) Bell v. City of Long Beach; 16-CV-3385(JMA)(AYS) Bell v. Bogle; 16-CV-3664(JMA)(AYS) Bell v. State of New York; 16-CV-3665(JMA)(AYS) Bell v. Armor Corr. Health, Inc., et al.; 16-CV-3931(JMA)(AYS) Bell v. New York State Comm. of Corr.et al.; 16-CV-4683(JMA)(AYS) Bell v. Nassau Cnty., et al., 16-CV-4639(JMA)(AYS) Bell v. Armor Corr. Health Inc., et al.

10, 2018, the Court granted Plaintiff's motion to proceed in forma pauperis, but sua sponte dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). (ECF No. 11.) Plaintiff was granted 30 days to file an amended complaint and was warned that failure to comply would result in dismissal with prejudice. (Id.)

Plaintiff failed to file an amended complaint, or otherwise communicate with the Court within the time proscribed. Accordingly, on December 11, 2018, the Court dismissed Plaintiff's claims against defendants with prejudice. (ECF No. 12.) Judgment was then entered, and this case was closed on December 14, 2018. (ECF No. 13.)

The Court received its first communication from Plaintiff in almost two years on December 26, 2018 when Plaintiff filed the instant motion to reopen this case and another of his in forma pauperis cases, No. 2:16-cv-2960. (ECF No. 14.) At or around the same time, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (ECF No. 16.) Plaintiff alleges that after he was released from jail in November 2016, he did not move to permanent housing until September 22, 2017 and complains about issues with USPS. (Id.) Accordingly, he requests "more time to get the necessary paperwork to [the Court]."

The Court construes Plaintiff's request to reopen this case as a motion pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a district court to exercise discretion to relieve a party from a final judgment under certain circumstances, including as relevant here, for "mistake, inadvertence, surprise, or excusable neglect" or "any other reasons that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). Motions made pursuant to Rule 60(b) are required to be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

"Relief under Rule 60(b), however, may be granted only in extraordinary circumstances." United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994) (internal quotation omitted).

See also United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.") "In evaluating a Rule 60(b) motion, courts in this circuit also require that the evidence in support of the motion be 'highly convincing,' that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result." Kampuries v. Am. Honda Motor Co., No. 15-CV-5061, 2018 WL 3442796, at *2 (E.D.N.Y. July 17, 2018). "[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." Id. (internal quotation omitted).

Here, Plaintiff has certainly not identified any "highly convincing" evidence in support of his motion to reopen the instant case or shown "good cause" for his failure to act sooner. While the Court is sympathetic to Plaintiff's reported housing issues, Plaintiff fails to explain his delay in communicating with the Court between September 2017, when he asserts he found permanent housing, and December 2018. Critically, he did not file anything with the Court between October 10, 2018 and December 11, 2018, the extended time he was permitted to file an amended complaint, nor did he request an extension. Instead, Plaintiff has shown a propensity for abandoning his cases. The Court granted him leave to file amended complaints in several of his in forma pauperis cases, but he failed to file even one. Moreover, Plaintiff filed a notice of appeal in the instant case shortly after he requested to reopen it, but he failed to pay the filing fee or move for in forma pauperis status. (See ECF Nos. 17, 18.) Accordingly, the Circuit dismissed his appeal effective March 5, 2019. (ECF No. 18.) To date, Plaintiff has not communicated with this court or the Second Circuit regarding this action. These facts all weigh against granting Plaintiff's request to reopen the instant case.

Plaintiff also cannot demonstrate that the substance of his claims otherwise merit reopening

this case. First, Plaintiff's claims against Winthrop Hospital were dismissed with prejudice because it is a private entity and does not act under the color of state law.[2] (ECF No. 11, at 7.) Furthermore, Plaintiff has not identified how he could cure any of the pleading defects in his complaint. His letter does not address the Court's reason for dismissing the City of Long Beach and Nassau County, namely that the complaint failed to plead any factual allegations from which the Court could infer that the conduct of which he complains was caused by some policy or custom of the City of Long Beach or Nassau County. (ECF No. 11, at 6.) Thus, Plaintiff has not identified the type of highly convincing evidence required to substantiate a Rule 60(b) motion.

Additionally, even if Plaintiff had identified some way to cure this pleading deficiency (something the Court sincerely doubts is possible), the Court would decline to reopen the case because the claims would be barred by res judicata. Prior to filing the present suit, Plaintiff filed numerous other in forma pauperis suits against different defendants, including several against Nassau County, the City of Long Beach, and various individuals employed by Nassau County or the City of Long Beach, premised, in part, on the same allegations—racial discrimination between August 2015 and Plaintiff's arrest in February 2016. These suits were consolidated and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) by Order dated November 22, 2016. (See Bell v. The City of Long Beach, No. 16-CV-2688 (JMA)(AYS), ECF Nos. 14, 17.)

Prior dismissals under § 1915(e) have res judicata effect on frivolousness determinations for subsequent in forma pauperis applications. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002). Under the doctrine of res judicata (which is also known as claim

---

[2.] As Plaintiff does not allege this ruling was incorrect in his request to reopen the case, the Court would not grant Plaintiff an opportunity to reopen any claims against Winthrop, even if he were entitled to reopen his claims against the other defendants.

preclusion), "'once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose.'" Id. (quoting Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)). Accordingly, res judicata would preclude the claims in this in forma pauperis suit against the City of Long Beach and Nassau County because they were previously named as defendants in the prior in forma pauperis suits that were dismissed based on the same allegations alleged herein.[3] Thus, the Court denies Plaintiff's Rule 60(b) motion because he has not identified any compelling reasons to reopen this case, and, in any event, his claims in this action are barred by res judicata.

These same reasons support the denial of Plaintiff's application for pro bono counsel. Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171–72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

---

[3] Plaintiff would also be barred by res judicata from bringing claims against any individuals employed by Nassau County or the City of Long Beach premised on the same allegations because such individuals would be in privity with their employers. See Shockley v. Hosterman, 279 F. App'x 98, 99 (3d Cir. 2008) (finding res judicata required dismissal of second in forma pauperis suit pursuant to 28 U.S.C. § 1915 and explaining that the plaintiff's "attempt to add John Doe Prison Officials to the other defendants he named before" in earlier suit that was dismissed pursuant to 28 U.S.C. § 1915 did negate preclusive effect of the prior dismissal because the defendants were "are all prison officials in privity with one another").

5

Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986). Here, Plaintiff has clearly failed to show that his claims might be meritorious. Accordingly, the Court also denies Plaintiff's application for appointment of pro bono counsel.

## II. CONCLUSION

For the forgoing reasons, Plaintiff's motion to reopen the instant case, and his application for appointment of pro bono counsel are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy to the pro se plaintiff at his last known address.

**SO ORDERED.**                                  /s/ (JMA)
                                                 Joan M. Azrack
Dated:   September 30, 2019                      United States District Judge
         Central Islip, New York